# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

MAX MARGULIS, individually and )
on behalf of all others similarly situated, )
)
    Plaintiffs, )
)
v. )   Case No.
)
SURREY VACATION RESORTS, INC., )   Division:
d/b/a GRAND CROWNE RESORTS, )
)
Serve:  David Cope )
        Registered Agent )
        430C State Hwy 165 South )
        Branson (Taney County) MO 65616 )
)
    Defendant. )

## CLASS ACTION PETITION

COMES NOW Plaintiff Max Margulis, on behalf of himself and all others similarly situated (hereinafter sometimes referred to as "Plaintiffs" and "the Class"), and for his Petition against Defendant, states as follows:

### Introduction

1.    This action is brought against Defendant for, *inter alia*, violation of the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq.* ("TCPA") based on Defendant's policy and practice of using an automatic telephone dialing system to place calls to cellular telephones offering hotel, cruise and entertainment packages (hereinafter "Travel Packages"). Further, upon information and belief, the purported Travel Packages are also designed to expose Plaintiff and the Class to timeshare sales presentations for timeshare properties owned and/or operated by Defendant. Defendant's policy and practice of using an automatic dialer invades the rights of recipients and violates the law.

1



EXHIBIT
A

2.      Defendant utilized an automatic telephone dialing system to place calls to numbers assigned to cellular telephone service, including numbers assigned to cellular subscribers like Plaintiff and members of the Class.

3.      Defendant knew or should have known that the calls were being placed to cellular telephone line subscribers like Plaintiff.

4.      Defendant had the ability to know that the calls were being placed to cellular telephone line subscribers like Plaintiff.

5.      Defendant knew or should have known that they were utilizing an automatic telephone dialing system to deliver calls to numbers assigned to cellular telephone line subscribers like Plaintiff, who had not provided prior express permission or invitation.

### Parties

6.      Plaintiff Max Margulis is a resident of the State of Missouri.

7.      Defendant Surrey Vacation Resorts, Inc. d/b/a Grand Crowne Resorts ("SVR") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 430C State Highway 165 South, Branson, Missouri 65616.

### Venue and Jurisdiction

8.      This court has personal jurisdiction over Defendant because Defendant is a resident of the State of Missouri, Defendant's principal place of business is in the State of Missouri, Defendant transacts business within this state, has made contracts within this state, and/or has committed tortious acts within this state and otherwise has sufficient minimum contacts with the State of Missouri. Further, the amount in controversy is less than $75,000.00 per class member. This Court has jurisdiction over this case pursuant to 47 U.S.C. §227(b)(3).

9.      Venue is proper in the County of St. Louis, Missouri pursuant to §508.010, RSMo.

2

## Allegations Common To All Counts

10.    At all times relevant, Plaintiff has maintained cellular telephone service from Sprint for the cellular telephone number (314) 303-7470.

11.    On or about June 18, 2013, Defendant or its agents called Plaintiff's cellular telephone number in St. Louis County, Missouri ("FIRST CALL"). The FIRST CALL was made without obtaining Plaintiff's prior express permission to do so. The FIRST CALL was made using an automatic telephone dialing system.

12.    Plaintiff recognized the FIRST CALL as using an automated telephone dialing system because there was a significant delay after Plaintiff answered the call before Defendant's agent joined the conversation.

13.    Upon information and belief, the significant delay after Plaintiff answered the FRST CALL is indicative of the use of an automated telephone dialing system to call Plaintiff's cellular telephone number.

14.    During the FIRST CALL, Defendant offered Plaintiff a Travel Package.

15.    Defendant's FIRST CALL to Plaintiff was not made for an emergency purpose.

16.    Defendant did not have the prior express permission of Plaintiff to make a telephone call to Plaintiff's cellular telephone number.

17.    Upon information and belief, Defendant or its agents made the same or substantially similar telephone calls to numerous other cellular telephone lines in the United States, using an automatic telephone dialing system, without the prior express permission of the called parties.

18.    Defendant failed to correctly determine the legal restrictions on the use of an automatic telephone dialing system to call cellular telephone numbers and the application of those

3

restrictions to the calls, generally, and specifically as to Plaintiff.

19.     Defendant engaged in calls to Plaintiff and other members of the class believing such calls were legal based on Defendant's own understanding of the law and/or based on the representations of others on which Defendant reasonably relied.

20.     Defendant did not intend to make calls to Plaintiff and other members of the class, where such calls were not authorized by law or by the recipient, and to the extent that any call was sent to any person and such call was not authorized by law or by the recipient, such transmission was made based on either Defendant's own understanding of the law and/or based on the representations of others on which Defendant reasonably relied.

21.     As a direct and proximate result of Defendant's or its agent's making of said telephone calls to Plaintiff and the Class, Plaintiff and the Class have sustained damages, specifically causing destruction of or interference with Plaintiff's exclusive use of Plaintiff's property, interference with Plaintiff's personal communications, and invading Plaintiff's right of privacy to be left alone and maintain his seclusion.

### Class Certification Allegations

22.     Pursuant to Mo. S. Ct. Rule 52.08, Plaintiff brings this action on his own behalf and on behalf of a Class consisting of:

> All cellular telephone line holders in the United States to whom was made, by or on behalf of Defendant, any telephone call to the line holder's cellular telephone line using any automatic telephone dialing system during the four years immediately preceding the filing of the Petition herein.

23.     The members of the Class are so numerous that joinder of all members is impracticable.  Upon information and belief, there are thousands class members whose telephone numbers can be ascertained from the records and files of Defendant or its agents or from other

4

sources.  Plaintiff's counsel does not anticipate any difficulties in the management of the action as a class action.

24.    There are common questions of law or fact which predominate over any questions affecting individual members of the Class.  Common questions include, but are not limited to:

      (a)    Whether Defendant engaged in the acts alleged;

      (b)    Whether Defendant or its agent used an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

      (c)    Whether Defendant placed calls to cellular telephone numbers using an automated telephone dialing system without obtaining the recipients' prior consent for the call;

      (d)    Whether Defendant's actions were  knowing within the meaning of 47 U.S.C. §227(b)(3);

      (e)    Whether Plaintiff and the Class are entitled to damages, treble damages, declaratory and/or injunctive relief.

25.    Plaintiff's claim is typical of the claims of the Class in that his claim arises under 47 U.S.C. §227 from the same practice or course of conduct that gives rise to the claims of the other Class members.

26.    Plaintiff is a member of the Class and will fairly and adequately assert and protect the interests of the Class.  The interests of Plaintiff are coincident with, and not antagonistic to, those of the other members of the Class.  Plaintiff seeks the same relief for himself and the members of the Class.  Plaintiff has retained counsel experienced in class action and complex litigation.

27.    A class action is superior to other available methods for the fair and efficient

5

adjudication of the controversy.

28.     The prosecution of separate actions by individual members of the class would create a risk of:

(a)     inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant, and/or

(b)     adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

29.     Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## Count I
## TCPA

30.     Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

31.     The TCPA prohibits a person or entity within the United States from using an auto dialer to deliver a message to cellular telephone numbers. The TCPA was enacted to protect privacy rights. The TCPA provides a private right of action for violations and provides for liquidated statutory damages of $500.00 per violation.

32.     Defendant's actions, as alleged herein, violate 47 U.S.C. § 227(b)(1)(A)(iii) which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system … to

6

any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

33.    Defendant's calls to the cellular telephone of Plaintiff and other members of the Class were not initiated for any emergency purpose and are not exempted by rule or order by the Federal Communications Commission.

34.    Defendant or its agent(s) knew it was making the telephone calls to Plaintiff and the Class using an automated telephone dialing system.

35.    Defendant or its agent(s) voluntarily engaged in making the telephone calls to Plaintiff and the Class using an automated telephone dialing system.

36.    Neither Plaintiff nor the other members of the Class gave prior express consent to Defendant to receive the calls.

37.    Defendant's actions in placing calls to Plaintiff and other members of the Class violated their right to privacy.

38.    Plaintiff and the other members of the Class are entitled to recover the statutory liquidated damages that Congress has assigned and prescribed in the TCPA for the statutory privacy violations complained of herein.

39.    As used in the 1934 Communications Act as amended, Defendant or its agent(s) knowingly violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available statutory damages under 47 U.S.C. §227(b)(3)(B).

40.    As a direct and proximate result of Defendant's actions described herein, Plaintiff and the Class have sustained damages.

7

**Count II**
**Injunctive Relief**

41.     Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

42.     As provided by 47 U.S.C. §227(b)(3)(A) Defendant and its agent(s) should be permanently enjoined from calling Plaintiff and the Class' cellular telephones using any automatic telephone dialing system without the prior express permission of the called party.

43.     Allowing Defendant to continue to initiate said telephone calls will cause further injury and damages to Plaintiff and the Class as well as other persons and entities who are not yet members of the proposed Class.

**Count III**
**Declaratory Relief**

44.     Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

45.     As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

46.     A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

**Count IV**
**TCPA – Negligent Violation**
**(In the Alternative)**

47.     Plaintiff incorporates by reference all allegations of all paragraphs 1-27 as if fully set forth herein.

48.     Defendant or its agent(s) negligently engaged in making the telephone calls to Plaintiff and the Class, using an automated telephone dialing system.

49.     Defendant or its agent(s) negligently violated the regulations prescribed under 47 U.S.C. §227(b).

50.     As a direct and proximate result of Defendant's actions described herein, Plaintiff and the Class have sustained damages.

**Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, states that they have been damaged, for which damage they demand judgment in their favor and against Defendant and pray for an Order of the Court as follows:

A.     Certifying this case as a class action under Mo. S. Ct. Rule 52.08, with the class certified as:

> All cellular telephone line holders in the United States to whom was initiated, by or on behalf of Defendant, any telephone call to the line holder's cellular telephone line using any automatic telephone dialing system during the four (4) years immediately preceding the filing of the Petition herein.

B.     Appointing Plaintiff as representative of the Class and Plaintiff's counsel as counsel for the Class;

C.     Entering an Order enjoining Defendant and its agent(s) from the acts and practices described herein;

D.     Issuing declaratory judgment that Defendant's actions, as described herein, violate the TCPA's prohibition on making telephone calls to cellular telephones using any

9

automatic telephone dialing system without the prior express permission of the called party;

E.   Entering judgment against Defendant and in favor of Plaintiff and the Class in an amount equal to the amount of statutory damages allowed under 47 U.S.C. §227(b)(3)(B);

F.   If the Court finds Defendant acted knowingly or willfully, entering judgment against Defendant and in favor of Plaintiff and the Class in an amount equal to the full amount of statutory damages allowed under 47 U.S.C. §227(b)(3), including treble damages;

G.   Entering an award of prejudgment interest against Defendant and in favor of Plaintiff and the Class at the highest lawful rate;

H.   Requiring Defendant to pay attorneys' fees and costs of Plaintiff and the Class; and

I.   For such further relief as this Court deems just and proper.

Respectfully submitted,

DASHTAKI LAW FIRM, LLC

Cyrus Dashtaki, # 57606
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:     (314) 932-7672
cyrus@dashtaki.com

*Attorneys for Plaintiff and all others*
*similarly situated*

10