IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAX MARGULIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No.  4:14-cv-01131-JAR |
| SURREY VACATION RESORTS, INC., d/b/a GRAND CROWNE RESORTS, | ) ) ) ) |
| Defendant. | ) |

**<u>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT</u>**

COMES NOW, Plaintiff Max Margulis ("Plaintiff"), by and through undersigned counsel, and for his Motion to Strike Defendant's Offer of Judgment, states as follows:

1. This case is a class action in which Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA") based on allegations that Defendant Surrey Vacation Resorts, Inc. d/b/a Grand Crowne Resorts ("Defendant") made unsolicited telemarketing calls using an automatic telephone dialing system to cellular telephones offering hotel, cruise and entertainment packages (hereinafter "Travel Packages") without the prior express permission or invitation of the called parties.

2. Representative Plaintiff Margulis filed a four (4) count class action petition, including counts for willful violations of the TCPA, negligent violations of the TCPA, injunctive relief, and declaratory relief in St. Louis County, Missouri on April 25, 2014.

3. Thereafter, on June 23, 2014, the case was removed to this Court. As this Court is aware, counsel for Plaintiff filed a motion for class certification [Doc. # 6]

contemporaneously with his Class Action Petition [Doc. # 1-1] in order to attempt to prevent the Defendant from engaging in a "pick-off" of the representative Plaintiff.

4. The parties filed a joint motion to stay class certification proceedings [Doc. # 7] until after the Court issued its case management order to establish deadlines regarding the motion for class certification.

5. The Court issued an Order [Doc. # 8] that denied the relief requested in the parties joint motion, and dismissed without prejudice Plaintiff's motion for class certification. The Court ruled that, "Plaintiff can refile the Motion [for class certification] when he is ready to proceed with the motion." [Doc. # 8].

6. Plaintiff's desire was to follow and adhere to the Court's case management order [Doc. # 12] and amended case management order [Doc. #20], which set, among other things, briefing schedules for Plaintiff's motion for class certification Defendant's response, and Plaintiff's reply. However, on April 14, 2015, counsel for Defendant served a purported Offer of Judgment (**attached and incorporated herein as Exhibit A**) on counsel for Plaintiff in a transparent attempt to moot plaintiff's individual claims and thwart certification of a class.

7. The majority of district courts in the Eighth Circuit strike individual offers prior to a decision on class certification, holding they create an improper "incentive for the representative to act against the interests of the class," given the potential cost-shifting effects of Rule 68. *Claxton v. Kum & Go, L.C.*, 2014 WL 4854692, at *4–5 (W.D. Mo. Sept. 30, 2014); *Prater v. Medicredit, Inc.*, 2014 WL 3973863, at *3 (E.D. Mo. Aug. 14, 2014) (finding that in the proposed class action suit, "Plaintiff's Motion to Strike Defendants' Offer of Judgment should be granted and the precertification Offer of

2

Judgment must be deemed ineffective"); *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *2–4 (D. Minn. Apr. 13, 2011); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602–03 (D. Neb. 2007).

8. Where an action is brought as a Rule 23 class action, the offer of judgment rule is improper and does not apply. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit."); *March v. Medicredit, Inc.*, 4:13CV1210 TIA, 2013 WL 6265070 at *4 (E.D. Mo. Dec. 4, 2013) ("In a class-action complaint, the named plaintiff, as the putative class representative, has a special role of assuming responsibility for the entire class of persons. Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class. Therefore, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective. As a result, the Court will strike Defendant's offer of judgment.") (internal citations omitted); *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330, 333–336 (D. Minn. 2011) (striking defendant's offer of judgment and finding that "[c]oncern about the impact on the class-action process is particularly strong in cases such as this, where Defendant tries to use a unilateral offer to pay off the representative Plaintiff's claim as a preemptive strike to thwart the class action"); *Boles v. Moss Codilis, LLP*, SA-10-CV-1003-XR, 2011 WL 4345289 at *3–4 (W.D. Tex. Sept. 15, 2011) (finding that "[s]triking

3

the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid[,]" and stating that "[w]hile Rule 68 works perfectly well in individual actions, the text of the rule does not address or mention class actions or Rule 23, and courts have recognized that 'its application is strained when an offer of judgment is made to a class representative.'") (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004)); *Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698, 709 (11th Cir. 2014) ("a plaintiff's individual claim is not mooted by an unaccepted Rule 68 offer of judgment"; and that even "a proffer that moots a named plaintiff's individual claim does not moot a class action in circumstances like those presented here, even if the proffer comes before the plaintiff has moved to certify a class.'").

9. Defendant's offer of judgment is a transparent, premature, and improper attempt to thwart this class certification by attempting to moot plaintiff's individual claims. Based upon the weight of the above authority, Defendant's offer of judgment should be stricken and deemed ineffective.

WHEREFORE, Plaintiff prays this Court enter its order granting Plaintiff's Motion to Strike Defendant's Offer of Judgment and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Cyrus Dashtaki
Cyrus Dashtaki, # 57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:	(314) 932-7671
Facsimile:	(314) 932-7672
Email:	cyrus@dashtaki.com

*Attorney for Plaintiff and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 27, 2015, a true and correct copy of the above and foregoing document was filed electronically with Court's CM/ECF filing system, and was served on all counsel of record.

/s/ Cyrus Dashtaki