IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAX MARGULIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:14-cv-01131-JAR |
| SURREY VACATION RESORTS, INC., d/b/a GRAND CROWNE RESORTS, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT SURREY VACATION RESORTS, INC. D/B/A GRAND CROWNE RESORTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT AND INCORPORATED REQUEST TO DISMISS**

1.      On April 25, 2014, Plaintiff Max Margulis ("Plaintiff") filed a Complaint in the Circuit Court of St. Louis County in which he alleged receiving a single (1) phone call from Defendant Surrey Vacation Resorts, Inc. d/b/a Grand Crowne Resorts ("Defendant") in violation of the Telephone Consumer Protection Act (the "TCPA"). *See* Complaint, generally (Dkt. 1, Exhibit 1). As a result of that single, solitary phone call, Plaintiff seeks to certify a nationwide class action litigation in this Court.

2.      On the same day he filed his Complaint, Plaintiff also filed a Motion for Class Certification (Plaintiff's "Motion to Certify Class"). *See* Motion to Certify Class (Dkt. 6).

3.      Plaintiff's Complaint was removed to this Court for adjudication.

4.      On July 21, 2014, the parties filed a Consent Motion to Stay Proceedings on Plaintiff's Motion to Certify Class (the "Consent Motion"). *See* Consent Motion (Dkt. 7).

5.      The very next day, on July 22, 2014, the Court ***denied*** both the Consent Motion and Plaintiff's Motion to Certify Class. *See* Order (Dkt. 8).

6. Thus, as of July 22, 2014, no motion to certify this purported class action was pending before this Court.

7. Indeed, in its Order, the Court explicitly cautioned Plaintiff that he should only refile his request for class certification, "when he is ***ready to proceed*** with the motion." *Id.* (emphasis added).

8. Pursuant to the terms and conditions of the TCPA, Plaintiff's claims (to the extent they are even accepted by this Court) only entitle him to $500 in damages (since he alleges to have received merely a single improper call from Defendant) or a maximum of $1,500 (if that single call was found to have been made "willingly" or "knowingly" in violation of the TCPA). *See* 47 U.S.C. 227(b)(3).

9. Notably, Plaintiff is not only the purported class representative in this case, but a recognized "TCPA specialist." *See Class Plaintiff's Attorney-Husband Is TCPA Specialist*, The Madison Saint-Clair Record; October 24, 2007. *See also* http://madisonrecord.com/issues/332-class-action/203024-class-plaintiffs-attorney-husband-is-tcpa-specialist).

10. In fact, Plaintiff is listed on a public website advertising his legal services in asserting claims under the TCPA: "Mr. Margulis has filed over 1,000 cases under the TCPA; his practice is limited to TCPA actions only. A large number of the case law on the TCPA are from Max's cases. He will also train attorneys new to the TCPA on the TCPA." *See* http://www.junkfax.org/fax/basic_info/attorneys.htm.

11. In other words, Plaintiff is not only an attorney solely engaged in the prosecution of TCPA cases, he and his wife appear as purported class representatives in such cases on a frequent and ongoing basis. *See, e.g., Marilyn Margulis v. P & M Consulting, Inc.,* Missouri Court of Appeals, Eastern District, Division Five (No. ED 82679); *Marilyn Margulis v.*

*Generation Life Insurance Co.*, St. Louis County Circuit Court, Missouri (Case No: 14SL-CC02263).

12.     Thus, Plaintiff frequently files and pursues cases under the TCPA that, based on the actual damages allegedly incurred, should be adjudicated in small claims court. But, as a result of his attempts to certify such cases into much larger class actions, are repeatedly sought to be converted into massive nationwide class actions capable of providing him significant financial reward.

13.     In so doing, Plaintiff forces the defendants named in these cases, such as Defendant in this case, to incur significant financial (and other) distress in responding to pleadings, all-encompassing and invasive class wide discovery and, eventually, to participate in trial.

14.     These costs (financial and emotional) are compulsory, despite any actual confirmation of the factual allegations underlying Plaintiff's claims and, as in this case, despite the fact that Plaintiff's actual damages for the claims asserted are statutorily capped at $1,500.

15.     On April 14, 2015, Defendant served Plaintiff with an Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure. *See* Motion to Strike (Dkt. 22, Exhibit A).

16.     At the time Defendant served its Offer of Judgment on Plaintiff, no motion to certify class was pending with this Court and Plaintiff's Motion to Certify Class had been denied. *See* Order (Dkt. 8).

17.     As a result, since Plaintiff was the sole plaintiff involved in this litigation at the time Defendant's Offer of Judgment was served, Plaintiff "had no personal interest in representing putative, unnamed claimants." *See Conners v. Gusano's Chi. Style Pizzeria*, 779 F.3d 835, 841 (8th Cir. 2015); citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523,

1532, 185 L. Ed. 2d 636 (2013).

18.    Defendant's Offer of Judgment provided Plaintiff the full and complete satisfaction for the potential judgment he could receive in this civil action as a result of the claims asserted in his Complaint.

19.    Indeed, nowhere in Plaintiff's Motion to Strike is there any argument proffered that Defendant's Offer of Judgement was in any way lacking as to the full and complete relief he individually seeks.[1]

20.    Plaintiff did not respond to the Offer of Judgment and, instead, filed his Motion to Strike, attaching Defendant's Offer of Judgment as an exhibit thereto. *See* Motion to Strike (Dkt. 22, Exhibit A).

21.    While a few district courts in the Eighth Circuit strike individual offers of judgment ***prior to a decision*** on class certification, the Eighth Circuit has not definitively stated a position on the matter.

22.    The Eighth Circuit has indicated, however, that when an offer of judgment moots a plaintiff's action, the proper procedure is to enter judgment for the plaintiff in accordance with that offer of judgment. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012).

23.    Moreover, several courts, both in and outside the 8th Circuit, have held that dismissal is the proper course once a plaintiff's claim, even in the class action context, has been mooted:

---

[1]Plaintiff's claim for "injunctive relief" does not in any way affect the enforceability of Defendant's Offer of Judgment since Defendant already denies engaging in any communications in violation of the TCPA (and thus cannot be "enjoined" from already complying with the law) and because the injunctive relief requested by Plaintiff is not even a viable claim. *See Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 U.S. Dist. LEXIS 138228, *13 (W.D. Mo. September 26, 2013) ("Goans' improperly broad request for injunctive relief is not a viable claim and, thus, need not be included in a valid offer of judgment.")

Here, the Rule 68 offer was made and refused, and thus plaintiff's claim became moot, long before plaintiff had moved for class certification. Thus, this case is more analogous to *Potter v. Norwest Mortgage Inc.*, 329 F.3d 608, 2003 WL 21203332 (May 23, 2003, 8th Cir.). In that case the Circuit Court held that a district court "should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class." 329 F.3d 608, [WL] at *3. Quoting with approval a ruling of the Fifth Circuit, the court continued, "*a suit brought as a class action must as a general rule be dismissed as moot when the personal claims for the named plaintiffs are satisfied, and no class has properly been certified.*" *Potter*, 329 F.3d 608, 2003 WL 21203332 at *3 (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981)). *Here, the personal claims of the named plaintiff were satisfied by defendant's offer, and no class had been certified.*

*Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 564-565 (D. Minn. June 6, 2003) (emphasis added).

24.     Countless courts throughout the United States permit the provisions of Rule 68 to effectuate its designed purpose in preventing the time and expense associated with purported class action litigations by allowing a defendant the opportunity to make the plaintiff whole before class certification is considered (***here, of course, the Court has already denied Plaintiff's Motion to Certify Class***). *See Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452-453 (E.D.N.Y. 2000) (Rule 68 offer that provides sole named plaintiff with all he could hope to recover from lawsuit effectively moots that plaintiff's claim; entire case must then be dismissed if class has not been certified); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 258 F. Supp. 2d 157, 160-161 (E.D.N.Y. 2003) (following *Ambalu*); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851-853 (W.D. Ky. 2007) (offer of judgment that fully satisfied all of named plaintiff's legally cognizable monetary claims mooted those claims and justified entry of summary judgment in accordance with offer, along with dismissal of putative class action); *Wiskur v. Short Term Loans, LLC*, 94 F. Supp. 2d 937, 939 (N.D. Ill. 2000) (Rule 68 offer covering full amount claimed by named plaintiff moots that plaintiff's claim, requiring dismissal of entire action, if made before motion for class certification); *Liles v. American Corrective Counseling Servs., Inc.*,

201 F.R.D. 452, 454-455 (S.D. Iowa 2001) (Rule 68 offer providing named plaintiff with maximum statutory relief on plaintiff's individual claim moots putative class action only if class certification has been denied).

25.     The dismissal of a purported class action after a proper offer of judgment has been made is even more appropriate where, as here, not only was a motion to certify class not pending with the Court at the time the offer was made, but the same was expressly denied. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III").

26.     Given the facts of this specific case, Defendant respectfully requests that the Court deny Plaintiff's Motion to Strike and, consistent with the terms and conditions of the Offer of Judgment voluntarily filed with the Court by Plaintiff, dismiss this case as moot.

27.     "Most federal circuits have found that an offer of judgment that would provide all the relief a plaintiff requests (or is entitled to) has the effect of mooting the action even if the offer is not accepted." *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 U.S. Dist. LEXIS 138228, *5-6 (W.D. Mo., September 26, 2013); citing *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370-71 (4th Cir. 2012); *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 575-76 (6th Cir. 2009); *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. Appx. 741, 743-44 (7th Cir. 2007); *Goodmann v. People's Bank*, 209 Fed. Appx. 111, 115 (3d Cir. 2006). The source for this conclusion lies in the Supreme Court's explanation of mootness under Article III of the Constitution. *Goans Acquisition, Inc.*, 2013 U.S. Dist. LEXIS 138228, *6.

28.     Article III of the Constitution only allows federal courts to adjudicate actual,

ongoing cases or controversies. *Id.*; citing *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S. Ct. 523, 528, 98 L. Ed. 2d 529 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334, 45 L. Ed. 2d 272 (1975).

29.     The case-or-controversy requirement ensures that "self-interested parties vigorously advocating opposing positions" present issues "in a concrete factual setting." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 403, 100 S. Ct. 1202, 1212, 63 L. Ed. 2d 479 (1980).  Moreover, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990).

30.     Subsequently, "if at any point in the litigation, an action no longer satisfies the case-or-controversy requirement, the action is moot and a federal court must dismiss the action." *Goans Acquisition, Inc.*, 2013 U.S. Dist. LEXIS 138228, *6-7.

31.     Article III of the Constitution thus "requires parties to have a continuing 'personal stake in the outcome' of the lawsuit." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (quoting, in part, *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L. Ed. 2d 663 (1962)).  Such a "personal stake" requirement "serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving." *Geraghty*, 445 U.S. at 397, 100 S. Ct. at 1209.

32.     Pursuant to controlling law, Defendant's Offer of Judgment under Rule 68 has effectively mooted Plaintiff's claims and this case should be dismissed.

33.     "The plain purpose of Rule 68 is to encourage settlement and avoid litigation. . . . The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5,

105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985).

34.     Although Rule 68 does not directly discuss mootness, "many courts have held that a valid offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003). As a result, "even where a plaintiff rejects an offer of judgment, if the amount within the offer satisfies the plaintiff's entire demand, the court may dismiss the action for lack of jurisdiction and/or enter judgment for that amount." *Claxton v. Kum & Go, L.C.*, 2014 U.S. Dist. LEXIS 138019, *7 (W.D. Mo. September 30, 2014).

35.     The Eighth Circuit has not yet ruled on whether a tender and rejection of an offer of judgment ***prior to a request*** for class certification will moot a class action suit. *March v. Medicredit, Inc.*, Case No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013). In fact, the circuit courts of appeal disagree on the issue, as do district courts within the Eighth Circuit. *See id.*; *see also Jenkins v. Pech*, Case No. 8:14CV41, 301 F.R.D. 401, 2014 U.S. Dist. LEXIS 119455, 2014 WL 4247734 at *4 n. 3 (D. Neb. Aug. 27, 2014).

36.     That said, the Eighth Circuit ***has*** endorsed the principle of dismissal based on mootness in the context of class actions, holding that ***"[j]udgment should be entered against a putative class representative*** on a defendant's offer of payment . . . ***where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit.***" *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012) (emphasis added); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996).

37.     Here, Plaintiff asserts no argument whatsoever that Defendant's Offer of

8

Judgment failed to satisfy his entire demand for injuries and costs of his suit. Thus, one of the two prerequisites for dismissal has been met.

38.     Second, class certification has been denied by this Court – the same being effectuated by this Court's July 22, 2014 Order. *See* Order (Dkt. 8). As a result, there is no associated requirement for Defendant's Offer of Judgment to incorporate any purported "class-wide" relief.

39.     Because Defendant's Offer of Judgment indisputably satisfies Plaintiff's purported damages, and because Plaintiff's Motion to Certify has been denied by this Court, there is no factual or legal basis for this case to continue.

40.     Of note, Plaintiff's desperate and transparent strategy of crudely filing a "Renewed" Motion for Class Certification is wholly unavailing. *See* Renewed Motion for Class Certification (Dkt. 23). *See Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010) (A plaintiff cannot avoid mootness by moving for class certification *after* receiving an offer of full relief).

41.     Indeed, pursuant to this Court's Order, Plaintiff was explicitly instructed to refile any future Motion to Certify Class *only "when he is ready to proceed with the motion*." *See* Order (Dkt. 8) (emphasis added).

42.     Instead, Plaintiff filed his "Renewed" Motion despite *not* being "ready to proceed" with the class certification process, as evidenced by his accompanying Motion to Delay Ruling on Plaintiff's Renewed Motion for Class Certification. *See* Motion to Delay Ruling on Plaintiff's Renewed Motion for Class Certification (Dkt. 24).

43.     Plaintiff should not be permitted to use the class certification process as a sword to force Defendant to engage in the incredibly time and expense consuming process of class-

wide discovery (on a claim that is, at most, worth $1,500 in actual to damages to Plaintiff), and also as a shield to prevent Defendant from offering him the full and complete value of his claim in order to moot his claims and dismiss this case upon the terms and conditions provided for under the Federal Rules of Civil Procedure.

44.     This position is made even more untenable given Plaintiff's undisputed contravention of this Court's Order to only refile his Renewed Motion for Class Certification "when he is ready to proceed with the motion." *See* Order (Dkt. 8).

45.     Despite Plaintiff's posturing to the contrary, the only thing in this case that is "transparent" and "improper" is Plaintiff's frantic attempt to sustain this case despite controlling authority, and this Court's own Order, which calls for it to be dismissed as moot.

WHEREFORE, Defendant respectfully requests this Court to deny Plaintiff's Motion to Strike and to dismiss this case as moot consistent with the terms of Defendant's Offer of Judgment, Rule 68 of the Federal Rules of Civil Procedure and the overwhelming weight of authority cited herein, and that the Court grant Defendant such other and further relief as the Court may deem just and proper.


[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 4th day of May, 2015.

/s/ Daniel K. Wooten
Daniel K Wooten, Esq, #48061MO
NEALE AND NEWMAN, LLP
1949 E. Sunshine
Suite 1-130
Springfield, MO 65808
(417) 882-9090
(417) 882-2529 (Facsimile)
dwooten@nnlaw.com

Joseph C. Sullivan
Georgia Bar No. 153098
*Admitted Pro Hac Vice*
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
(770) 434-6464
(770) 434-7376 (Facsimile)
jsullivan@taylorenglish.com

*Attorneys for Defendant,*
*Surrey Vacation Resorts, Inc.*
*d/b/a Grand Crowne Resorts*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 4th day of May, 2015, electronically filed a copy of the foregoing *DEFENDANT SURREY VACATION RESORTS, INC. D/B/A GRAND CROWNE RESORTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT AND INCORPORATED REQUEST TO DISMISS* via the Court's CM/ECF filing system, which will be automatically served on the following counsel of record:

> Cyrus Dashtaki, Esq.
> Dashtaki Law Firm, LLC
> 5205 Hampton Avenue
> St. Louis, MO 63109

Dated: May 4, 2015

/s/ Daniel K. Wooten
Daniel K Wooten, Esq, #48061MO
NEALE AND NEWMAN, LLP

*Attorney for Defendant*
*Surrey Vacation Resorts, Inc.*
*d/b/a Grand Crowne Resorts*