IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAX MARGULIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.   4:14-cv-01131-JAR ) |
| SURREY VACATION RESORTS, INC., d/b/a GRAND CROWNE RESORTS, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DEFENDANT**

As part of this Court's Order dated November 10, 2016 ("Order"), it also ordered Defendant Surrey Vacation Resorts, Inc. ("Defendant") and its corporate officer to retain counsel by December 9, 2016. Defendant has failed to comply with this Court's Order and has made no point of contact with this Court or Plaintiff. As a result, Plaintiff has moved for the imposition sanctions against Defendant in any manner this Court deems necessary for Defendant's failure to obey this Court's Order. Should the Court impose sanctions on Defendant, Plaintiff also respectfully requests that the Court allow Plaintiff to recover his reasonable attorneys' fees and costs related to this Motion.

I.   **ARGUMENTS AND AUTHORITIES**

   A.   **The Court has inherent authority to sanction Defendant for failure to comply with this Court's Order**

This Court has broad discretion in ordering sanctions, and even severe sanctions, such as the outright striking of a party's claims and defenses when a party disregards a Court Order. *Furminator, Inc. v. Kim Laube & Co., Inc.*, No. 4:08-CV-367, 2009 WL 5176562, at *3 (E.D.

Mo. December 21, 2009); *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 1010-14 (N.D. Ill. 2005). This Court even has inherent power to sanction a non-party. *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec.*, 340 F.3d 373, 383 (6th Cir. 2003) (holding that "if a corporate officer avoids a court's order to the corporation by failing to take action or attempt compliance," the officer may be punished for contempt and "it is fully appropriate to impose judicial sanctions on the nonparty corporate officer.") (*quoting Wilson v. U.S.*, 221 U.S. 361, 376 (1911); *see also David v. Hooker, Ltd.*, 560 F.2d 412, 420-21 (9th Cir. 1977 (affirming district court's order requiring corporate defendant's sole nonparty officer to pay plaintiff's expenses resulting from corporate defendant's failure to answer interrogatories).

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers `which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id*. (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). *Chambers,* 501 U.S. at 44-45.

In this case, Defendant has no reasonable excuse for its conduct. Defendant's willful failure to obey this Court's to retain counsel should mandate the imposition of sanctions against Defendant. However, should this Court impose sanctions on Defendant, whether or not the imposition of sanctions cause Defendant to comply with this Court's orders as this case moves forward remains unknown. As Plaintiff raised in his Response in Opposition to Defense Counsel's Motions to Withdraw and in the hearing before this Court on November 9, 2016, Defendant Surrey has "sold all lease rights, equipment and income, and turned over all

2

supervision and control of employees on July 18, 2015 to Defendant Capital Resorts Group" and is no longer in good standing with the Missouri Secretary of State. (Doc. No. 81). As a result, Plaintiff respectfully moves for the imposition sanctions against Defendant in any manner this Court deems necessary for failing to comply with the Court's Order and allow Plaintiff to recover his reasonable attorneys' fees and costs related to the instant Motion.

## II.     CONCLUSION

Defendant's failure to comply with this Court's Order dated is inexcusable and warrants the imposition of sanctions against Defendant. Plaintiff requests that this Court impose sanctions against Defendant in any manner it deems necessary,  award Plaintiff his reasonable attorney's fees and costs related to the instant Motion, and award such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/Cyrus Dashtaki
Cyrus Dashtaki, # 57606MO
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:    (314) 932-7671
Facsimile:     (314) 932-7672
cyrus@dashtaki.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 23, 2017, a true and correct copy of the above and foregoing document was filed electronically with the Court's CM/ECF filing system, and was served on all counsel of record.

/s/ Cyrus Dashtaki

3