UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAX MARGULIS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-cv-01131-JAR ) |
| SURREY VACATION RESORTS, INC., d/b/a GRAND CROWNE RESORTS, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions against Defendant (Doc. 86) and Plaintiff's Motion for Leave to File First Amended Class Action Complaint (Doc. 85). After conducting a hearing on the record regarding Motions to Withdraw filed on behalf of the Defendant (Docs. 77-78), the Court entered an Order on November 10, 2016, granting counsels' Motions to Withdraw and directing Defendant to retain new counsel no later than December 9, 2016 (Doc. 83). The Court's Order specifically warned that Defendant's failure to comply with the Order may result in the imposition of sanctions (*Id.*). Since that time, there has been no further activity by the Defendant in this case. On February 23, 2017, Plaintiff filed a Motion for Sanctions against Defendant citing Defendant's failure to comply with the Court's November 10, 2016 Order (Doc. 86).

Given the circumstances of this case, the Court concludes that the striking of Defendant's pleadings and entry of default judgment are appropriate sanctions for Defendant's willful failure to comply with the Court's Order, which expressly warned that such sanctions might be imposed should Defendant fail to comply. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-51 (1991)

(even where alternative sanctions are authorized by the Federal Rules of Civil Procedure or a federal statute, a federal court may, within its informed discretion, resort to its inherent power to sanction bad-faith conduct).

Plaintiff has also filed a Motion for Leave to File First Amended Class Action Complaint (Doc. 85), citing as authority the liberal standard for amending pleadings under Fed.R.Civ.P. 15(a). However, the interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). If a party files for leave to amend outside of the court's scheduling order, the more liberal standard of 15(a) does not apply; rather, the party must show cause to modify the schedule under Rule 16(b). *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed.R.Civ.P. 16(b)).

This lawsuit was filed on June 23, 2014. The deadline for amendment of pleadings under the most recent Case Management Order has long since expired, and Plaintiff concedes in his motion that the parties have engaged in extensive motion practice, written discovery, party depositions, and expert depositions. Plaintiff has not explained his failure to discover at an earlier stage of this litigation that C.J. Perme and Capital Resorts Group, LLC were the successors to Surrey Vacation Resorts, Inc. Given the delays in litigating this matter and the volume of discovery and motion practice conducted, the Court will deny Plaintiff leave to amend. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Class Action Complaint [85] is **DENIED.**

**IT IS FURTHER ORDERED** that the pleadings of Defendant Surrey Vacation Resorts, Inc., d/b/a Grand Crowne Resorts are **STRICKEN**.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Plaintiff Max Margulis and against Defendant Surrey Vacation Resorts, Inc. d/b/a Grand Crowne Resorts. Plaintiff shall, no later than seven (7) days from the date of this Order, submit a memorandum and evidence in support of his damages.

Dated this 20th day of April, 2017.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**