UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MAX MARGULIS, individually and on behalf of all others similarly situated,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No. 4:14-cv-01131-JAR<br>) |
| **SURREY VACATION RESORTS, INC., d/b/a GRAND CROWNE RESORTS,** | )<br>)<br>) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions (Doc. 86) and Bill of Costs (Doc. 93). On April 20, 2017, the Court struck Defendant's pleadings and entered default judgment for Defendant's willful failure to comply with the Court's November 10, 2016 Order (Doc. 89). The Court entered judgment in favor of Plaintiff and directed Plaintiff to submit a memorandum and evidence in support of his damages. Plaintiff complied and seeks statutory and treble damages, permanent injunctive relief, and costs, including attorney's fees and expert witness fees.

### I.     Statutory Damages

The Telephone Consumer Protection Act ("TCPA") prohibits persons from initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227 (b)(1)(B). The plain language of the statute—allowing damages for each violation of the TCPA—authorizes statutory damages for each call made without the prior express consent of the called party, as well as injunctive relief. § 227(b)(3). The TCPA further authorizes the court to increase the

statutory award to an amount not more than three times the amount if the Court finds that the defendant willfully or knowingly violated the TCPA. *Id.*

The TCPA does not define "willful" or provide guidance as to what a willful or knowing violation of the TCPA requires. Plaintiff urges the Court to interpret willfulness to imply only that the act was intentional. *See, e.g. Alea London Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir. 2011) *(*"Importantly though, the intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely "knowing" conduct."). However, the Court finds *Lary v. Trinity Physician Fin. & Ins. Servs*. 780 F.3d 1101, 11007 (11th Cir. 2015) instructive. There, the 11th Circuit opined that if the TCPA was interpreted to require only that the violator knew he was making a "call" or sending a fax, the statute would have almost no room for violations that are not willful or knowing. *Id.* at 1106–07 (citing *Harris v. World Fin. Network Nat'l Bank*, 867 F.Supp.2d 888, 895 (E.D. Mich. 2012) ("Such a broad application of 'willful [ ]' or 'knowing' would significantly diminish the statute's distinction between violations that do not require an intent, and those willful[ ] and knowing violations that [C]ongress intended to punish more severely.")). Instead, the court found that plaintiff failed to establish a willful or knowing violation of the TCPA because he did not prove that the defendants sent the advertisement knowing it was unsolicited. *Id.*

Here, there is insufficient evidence that Defendant willfully or knowingly violated the TCPA, and the Court declines to award treble damages solely on the basis that Defendant knew it was making the call to Plaintiff. Therefore, the Court will award $500 to Plaintiff for the three unauthorized calls identified in Plaintiff's Memorandum of Law and Evidence in Support of Damages (Doc. 92 at 8, 12).

## II. Permanent Injunctive Relief

In addition to monetary damages, the TCPA permits a person bringing a private right of action to seek injunctive relief. 47 U.S.C.A. § 227(b)(3)(a). However, the injunctive relief available under the statute is limited to actions to enjoin violations of the TCPA. *Goans Acquisition, Inc. v.*

*Merch. Sols.*, LLC, No. 12-00539-CV-S-JTM, 2013 WL 5408460, at *4 (W.D. Mo. Sept. 26, 2013) (holding that injunctive relief available under the statute is limited, and a plaintiff seeking to enjoin the defendant from sending any unsolicited facsimile transmissions would be of dubious constitutionality and beyond the scope of the TCPA, as the statute provides exceptions to the general prohibitions set forth in the act).

Plaintiff seeks an order permanently enjoining Defendant from directly or indirectly making unsolicited telephone calls to Plaintiff or to any other person in Missouri without maintaining written documentation evidencing express prior permission. He further seeks that the Court order Defendant to promptly mail its Do-Not-Call policy within 30 days of any demand made by recipients of its telemarketing calls. Plaintiff also seeks a permanent injunction preventing Defendant from entering, forming, organizing, or reorganizing into any partnership, corporation, sole proprietorship, or any other legal structure for the purpose of avoiding compliance with the terms of the Order and Judgment in this case, as well as the prevention of future violations of the TCPA.

The Court will grant Plaintiff's request to enjoin Defendant from making unsolicited calls to Plaintiff and direct Defendant to comply with the TCPA and corresponding FCC regulations in the future. The other equitable remedies sought by Plaintiff exceed the scope of the TCPA and are overbroad, as he does not represent a class.

### III. Costs

#### a. Expert Witness Fees

Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." However, a court may only tax costs as authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (rejecting claim that "a federal court is empowered to exceed the limitations explicitly set

out in [28 U.S.C.] §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections"), *superseded on other grounds*, 42 U.S.C. § 1988(c) (1991)). After *Crawford*, the Supreme Court decided *W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83 (1991), where the issue was whether fees for services rendered by experts in civil rights litigation could be shifted to the losing party pursuant to 42 U.S.C. § 1988, which permitted the award of a reasonable attorney's fee. The Supreme Court restated that when "a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821(b),[1] absent contract or explicit statutory authority to the contrary." *Casey*, 499 U.S. at 86, (quoting *Crawford*, 482 U.S. at 439). The Court then determined that attorney's fees and expert fees were distinct items of expense and that the trial court did not have the authority to shift expert fees absent statutory law permitting otherwise. *Id.* at 92, 102. Although Congress later amended § 1988 to allow recovery of expert witness fees, *Casey* remains good law on the construction of Rule 54(d) and 28 U.S.C. §§ 1920 and 1821.

Here, Plaintiff in his Bill of Costs includes "court-appointed expert" fees totaling $20,050.00. However, it does not appear from the record that either of Plaintiff's experts was appointed under Rule 706. Therefore, the Court may only award expert witness fees if those fees are authorized by statute. The TCPA does not provide for such an award, nor does Plaintiff point the Court to any authority that would allow the Court to award Plaintiff reimbursement for fees paid to his own experts. Therefore, the Court will deny plaintiff's request to tax costs related to compensation of Plaintiff's experts.

---

[1] 28 U.S.C.A. § 1821 is a general costs statute that sets forth per diem and mileage allowances for witnesses.

### b. Attorney's fees

While Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs, the opposite presumption exists with respect to attorney's fees. *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172, 1175 (2013). Under the "bedrock principle known as the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Id.* (internal citations and quotations omitted). Notwithstanding the American Rule, however, we have long recognized that federal courts have the inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith. *See Chambers v. NASCO, Inc.*, 111 S.Ct. 2123, 1234 (1991) (explaining that a court has inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); *Alyeska Pipeline Service Co. v. Wilderness Society,* 95 S.Ct. 1612, 1622-23 (1975) (same).

In his Motion for Sanctions, Plaintiff requests attorney's fees. However, the Court has already imposed sanctions against Defendant for its willful failure to comply with the Court's Order. (Doc. 89). In light of the principles set forth by the United States Supreme Court and the fact that the Court already imposed sanctions against Defendant, the Court sees no basis for awarding Plaintiff attorney's fees.

In conclusion, the Court will deny Plaintiff's request for attorney's fees and costs related to compensation of expert witnesses. However, the Court will award Plaintiff other costs, as set forth in Plaintiff's bill of costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (Doc. 86) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Bill of Costs (Doc. 93) is **GRANTED in part,** and Plaintiff is awarded costs in the amount of $3,788.32.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of Plaintiff and against Defendant in the amount of $1,500 in statutory damages under 47 U.S.C. § 227 (b)(3).

**IT IS FINALLY ORDERED** that Defendant is directed to comply with the TCPA and corresponding FCC regulations in the future and enjoined from making unsolicited calls to Plaintiff's cellular telephone number of 314-303-7470.

Dated this 23rd day of May, 2017.

                                                                            _____
                                                                            **JOHN A. ROSS**
                                                                            **UNITED STATES DISTRICT JUDGE**